IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMMON SCOT WILLIAMSON                                        PLAINTIFF

V.                              NO. 13-5024

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Ammon Scot Williamson, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on October 26, 2010,

alleging an inability to work since October 27, 2007, due to back injury, chronic depression,

pancreatitis, colloid cyst-brain, bipolar, "necropathy,"[2] OCD (obsessive compulsive disorder),

panic and anxiety attacks, inflammation between lung and ribs, and schizophrenia. (Tr. 134-135,

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff complained on occasion of paresthesia in his fingers and toes, and the Court therefore believes Plaintiff
intended to write "neuropathy."

141-146, 170, 174). An administrative hearing was held on January 26, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 29-64).

By written decision dated April 4, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - back disorder and bi-polar disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can understand remember and carry out simple routine and repetitive tasks, respond to the usual work situations and ordinary work changes. He can have incidental contact with supervisors and co-workers and can have no contact with the general public. He can occasionally crouch, climb, balance, stoop, kneel and crawl.

(Tr. 17). With the help of the vocational expert (VE), the ALJ determined that Plaintiff could perform such jobs as machine tender (compression, leather riveting, and bindery machine feeder), and production worker (bottling line attendant, conveyor line backer worker, and toy assembler). (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied that request on December 10, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

-2-

presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for

-3-

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff argues on appeal that the ALJ's RFC was not based upon all of the relevant evidence in the record. (Doc. 11).

### RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

-4-

medical question." <u>Lauer v. Apfel</u>, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. <u>Lewis v. Barnhart</u>, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." <u>Id</u>.

In this case, the ALJ found that Plaintiff could perform light work with certain mental and physical limitations. In making this finding, the ALJ considered and discussed Plaintiff's medical records, including the fact that x-rays of Plaintiff's lumbar spine on November 16, 2009, showed degenerative changes with relative narrowing at L5-S1; that on July 1, 2011, Plaintiff was admitted to the hospital for pancreatitis, leukocytosis and alcohol abuse and was discharged on July 7, 2011, with a diagnosis of recurrent acute pancreatitis, pseudocyst of pancreas, alcohol abuse and bipolar disorder; was again admitted to the hospital on December 6, 2011, for acute pancreatitis, leukocytosis and alcohol abuse and was discharged on December 11, 2011, with acute chronic pancreatitis secondary to alcohol abuse; and the fact that Plaintiff was evaluated at Ozark Guidance Center on January 25, 2012, and was diagnosed with bipolar disorder NOS as his primary diagnosis, his secondary diagnosis was anxiety disorder NOS, and his insomnia was his tertiary diagnosis. (Tr. 18, 358). The ALJ also discussed the opinion of Dr. Stephen Nichols, a consultative examiner, dated January 6, 2011, who noted that Plaintiff had reported working various construction jobs until he obtained employment at Bridgestone, where he worked for fourteen years; that plaintiff was able to perform most activities of daily living without assistance; had the ability to communicate and interact in a socially adequate manner; and his ability to function in social groups would be impaired by his mood and personality

AO72A
(Rev. 8/82)

disorders. (Tr. 20, 305-307). However, Dr. Nichols also found that Plaintiff's ability to cope with, concentrate on and sustain persistence in completing tasks would be good for tasks that he could perform without the assistance of supervisors and coworkers. (Tr. 20, 307).

The ALJ found that Dr. Nichols' opinion was supported by the objective medical evidence and his examination, and therefore incorporated his limitation into Plaintiff's RFC assessment. (Tr. 21). The ALJ also considered Plaintiff's testimony, but granted it little probative weight, noting that Plaintiff's ability to sporadically work in conjunction with the medical evidence demonstrating minimal abnormalities, reflected a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments. (Tr. 21). The ALJ noted that there was no treating source opinion that Plaintiff was more limited than as provided in his RFC assessment. (Tr. 21).

The Court agrees with Defendant that the ALJ's decision reflects that despite the mostly normal examination findings reflected by the limited evidence of back pain, the ALJ credited Plaintiff's subjective complaints of pain and the slightly abnormal x-ray findings to a significant extent by limiting Plaintiff to light work with only occasional crouching, climbing, balancing, stopping, kneeling, and crawling.

Regarding Plaintiff's mental RFC, the ALJ reported that Plaintiff indicated medications had been relatively effective in controlling Plaintiff's symptoms, as evidence by his report to Dr. Philip Anderson on November 4, 2005. (Tr. 19, 338). In an August 16, 2006 report, Dr. Anderson noted that Plaintiff seemed to be doing well on his medications. (Tr. 336). It was not until January 6, 2011, when Plaintiff was seen by Dr. Nichols at the agency's request, that Plaintiff's mental health was evaluated. (Tr. 305-307). Thereafter, on January 25, 2012, Plaintiff

-6-

presented to Ozark Guidance, claiming that sleep was his biggest problem. (Tr. 354). At that time, Plaintiff reported a past diagnosis of bipolar disorder, but did not endorse any manic symptoms. (Tr. 355). On April 2, 2012, Plaintiff reported to Ozark Guidance that he recently quit drinking due to health problems and wanted to get back on psychotropic medications, as they had helped in the past. (Tr. 471). On April 10, 2012, after the ALJ decision, Plaintiff presented himself to Ozark Guidance and was noted to appear to be making progress. (Tr. 469).

The Court believes that the ALJ adequately accounted for Plaintiff's mental impairments when he limited Plaintiff to simple routine and repetitive tasks, usual work situations and ordinary work changes, and only incidental contact with supervisors and co-workers, and no contact with the general public.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC assessment.

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of March, 2014.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)